IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHARON MADISON, | ) |
| | ) |
|    Plaintiff. | ) |
| | ) |
| v. | )    CA NO: 21-00269-TFM-C |
| | ) |
| WINN DIXIE, | ) |
| | ) |
|    Defendant. | ) |

## **REPORT AND RECOMMENDATION**

    Plaintiff Sharon Madison, who is proceeding without counsel, filed the above-styled action against Defendant Winn Dixie on June 4, 2021. (Doc. 1). She paid the filing fee on October 4, 2021 (Doc. 7) and was mailed forms and information by the Clerk's Office that provided her with the tools necessary to discover how to perfect service on the Defendant. (Clerk's Entry 11/15/2021). Plaintiff Madison, however, has failed to provide proof that Defendant Winn Dixie has been given the required notice of this action pursuant to Rule 4, Fed.R.Civ.P. Although given the opportunity, she has not shown good cause for not properly serving Winn Dixie with a summons and copy of her Complaint. Under these facts, the Court is without jurisdiction to proceed, and it is necessary to recommend that this action be dismissed.

## **FINDINGS OF FACT**

    Plaintiff attempted to provide proof of service by filing a copy of a completed "Notice of Lawsuit and Request to Waive Service of a Summons" form that she signed and dated on December 15, 2021 (Doc. 8). The record does not show, however, that

Madison has provided any evidence that Defendant received or agreed to her request that it waive service of a summons.

Once the Court denied Plaintiff's second request to proceed *in forma pauperis* and for appointment of counsel on April 15, 2022 (Doc. 16), the Clerk provided Plaintiff, based on information provided by Plaintiff, two completed summonses. One was directed to the Defendant "Winn Dixie" at 111 S. Magnolia Dr., Ste 39, Tallahassee, Florida 32301. The second was directed to "Winn Dixie c/o Mia A. Conza, Shankman Leone, P.A.," 707 North Franklin Street, Suite 500, Tampa, FL 33602 (Doc. 17).

Since no return on service or proof of service had been filed by March 22, 2023, an Order to Show Cause was entered on that date (Doc. 18), requiring Plaintiff to show cause as to why the action should not be dismissed pursuant to Rule 4(m), Fed.R.Civ.P. In response Plaintiff filed two documents. The first, filed on April 7, 2023, is a proof of service form where Madison reports that she served "Winn Dixie" by certified mail on November 7, 2022 even though her proof does not contain a return receipt. Instead, she provided tracking results from the United States Post Office showing that the mail was delivered to the "front desk, reception area or mail room" of the addressee. Doc. 19, PageID.46.

The second document contains a proof of service form containing Madison's report that she served Winn Dixie through Mia A. Conza at Shankman Leone, P.A.[1]

---

[1] Shankman Leone, P.A. is a law firm located in Tampa, Florida. Its address is the same as provided by Plaintiff. (See https://www.shankmanleone.com (Last visited May 26, 2023)). Although Mia Conza is not currently listed as an attorney on the website, there is historical data on the site that

at an address in Tampa, Florida on April 7, 2023. Contrary to this information, the receipt shows that the mail was received on April 14, 2023. Doc. 20, PageID.47-48. The return receipt contains an illegible signature of someone accepting the mail on behalf of Ms. Conza.

The defendant, Winn Dixie, has not appeared in this matter.

## CONCLUSIONS OF LAW

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Henson v. Walker Cnty.*, 2022 WL 681409, at *2 (N.D.Ala., 2022) (quoting *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990)). In those instances when a plaintiff fails to timely effect service, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m); see also *Anderson v. Osh Kosh B'Gosh*, 255 F. App'x 345, 347 (11th Cir. 2006) (addressing the "standard of review for *sua sponte* dismissals under Rule 4(m)").

When a plaintiff fails to timely serve a summons and complaint, the court must give an extension of time for service "if the plaintiff shows good cause for the failure." Fed. R. Civ. P. 4(m). Good cause will be found to exist "only when some outside factor, such as reliance on faulty service, rather than inadvertence or negligence, prevented service." *Lepone-Dempsey v. Carroll County Com'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). Even in situations where good cause for not timely serving a summons and

---

indicates that she was employed as an attorney at one time. She is also identified as the attorney copied with the EEOC's "Dismissal And Notice Of Rights" (Doc. 1-1, PageID.4).

complaint has not been provided, as is the case here, the Eleventh Circuit has "determined that, under the current Rule 4(m), even in the absence of 'good cause,' district courts have the discretion to extend the time for service of process." *Anderson*, 255 Fed.Appx. at 347 (11th Cir. 2006). Examples of when relief might be justified in those instances where a showing of good cause has not been made are cases where an applicable statute of limitations would bar the refiled action, or cases where the defendant is evading service or conceals a defect in attempted service. (*Id.*). "However, the running of the statute of limitations does not require a district court extend the time for service of process under Rule 4(m)." *Wakefield v. City of Pembroke Pines*, 2006 WL 8431478, at *2 (S.D.Fla., 2006) (citing *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1133 (11th Cir. 2005)). While *pro se* litigants are entitled to a liberal interpretation of their pleadings, their *pro se* status does not excuse procedural mistakes. *Nelson v. Barden,* 145 F. App'x 303, 311 (11th Cir. 2005) (the court "never suggested that procedural rules in ordinary civil litigation shall be interpreted so as to excuse mistakes by those who proceed without counsel").

Plaintiff selected the option to serve the Defendant by certified mail pursuant to Federal Rule 4(h)(1)(A). This choice required that she follow the requirements unders Alabama law for serving a summons in those actions brought in courts of general jurisdiction within the State of Alabama. While Alabama law does permit service by certified U.S. mail, s*ee generally* Ala. R. Civ. P. 4(i)(2), the Rule's requirements were not followed in this case.

First, Madison was required to initiate service by placing a "copy of the process and complaint or other document to be served in an envelope and address the envelope to the person to be served with instructions to forward." Ala. R. Civ. P. 4(i)(2)(B)(ii). For an artificial entity such as Winn Dixie, which is within the scope of Alabama Rule 4(c)(6), the addressee would be "an officer, … a managing or general agent, or any agent authorized by appointment or by law to receive service of process." Ala. R. Civ. P. 4(c)(6).

Secondly, the serving party must "affix adequate postage and place the sealed envelope in the United States mail as certified mail with instructions to forward, return receipt requested, with instructions to the delivering postal employee to show to whom delivered, date of delivery, and address where delivered." Ala. R. Civ. P. 4(i)(2)(B)(ii). "The return receipt shall be addressed to the clerk of the court issuing the process and shall identify the case number of the case in which the pleading has been filed. Upon mailing, the ... party shall immediately file with the court an 'Affidavit of Certified Mailing of Process and Complaint.' That affidavit shall verify that a filed copy of the process and complaint or other document to be served has been mailed by certified mail in accordance with" Alabama Rule 4(i)(2)(B)(ii). *Id.* "Service by certified mail shall be deemed complete and the time for answering shall run from the date of delivery to the named addressee or the addressee's agent as evidenced by signature on the return receipt." Ala. R. Civ. P. 4(i)(2)(C).

Madison has failed to show that she properly served Winn Dixie by certified mail under Alabama Rule 4(i)(2). She did not "immediately file with the court an

5

'Affidavit of Certified Mailing of Process and Complaint'" when she mailed process, and the only certified mail return receipt for this case has not been shown to be addressed to the Clerk of Court. Moreover, Madison has failed to show she addressed either envelope containing process to an officer, managing or general agent, or any agent authorized by appointment or by law to receive service of process for Winn Dixie. Ala. R. Civ. P. 4(c)(6). The mail tracking information attached to her proof of service does not state to whom the mail was addressed, and simply states that it was delivered to the "front desk, reception area, or mail room" at the Tallahassee address.

For reasons only known to Madison, possibly believing that she had properly served the Defendant, she did not attempt to show good cause for not properly serving this corporate defendant under the applicable rules in response to the Court's show cause order. Therefore, the undersigned has no reason to believe that good cause exists. The record reflects a simple failure to comply with the Rule 4, Fed.R.Civ.P. and the relevant Alabama Rules of Civil Procedure imposing the requirements for service by certified mail.

Likewise, Plaintiff has not presented the Court with any reason to extend the time for service of process without a showing of good cause for the insufficient service of process. Early on the undersigned expressed to Plaintiff the uncertainty of the exact nature of her claim and ordered that she provide a copy of the complaint she filed with the Equal Employment Opportunity Commission. (See generally Order, Doc. 4 at PageID.14-15). Madison has not provided her EEOC complaint as ordered and the true nature of her exhausted claim or claims would be speculation.

Accordingly, it is difficult to point to any reason that would justify allowing this action to proceed due to the lack of sufficient service of process without a showing of good cause for that failure on the part of the Plaintiff.

If the Court has properly identified her claim as a FMLA claim, the statute of limitations is two years from her termination on August 21, 2019 unless the discrimination was intentional.  In that case the limitation is three years from termination. 29 USCA § 2617(c)(1-2).  A requirement that she refile after a dismissal without prejudice would be outside these statutes of limitations. This fact alone, under the circumstances in this record, is not sufficient to require a discretionary grant of more time to serve Winn Dixie.  Again, the only discernible reason that Winn Dixie has not been served and filed an appearance is that Plaintiff has either intentionally or negligently failed to comply with the Federal and State rules governing service of process.

In conclusion, Plaintiff has failed to provide proof that she has properly and timely served Defendant with a summons and a copy of her complaint as required by the Rules of Civil Procedure.  She has not shown that this failure on her part was caused by anything other than her insufficient attempts at service.  Nor has she shown that these failings on her part should be forgiven and her time for serving the complaint be discretionarily extended.   For these reasons, the undersigned **RECOMMENDS** that this case be **DISMISSED without prejudice** for failure to properly serve Defendant Winn Dixie within the time proscribed by Federal Rule of Civil Procedure 4(m).

**Notice of Right to File Objections**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error, if necessary, "in the interest of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 9th day of June, 2023.

                                                  s/William E. Cassady
                                         **UNITED STATES MAGISTRATE JUDGE**