IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHARON MADISON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIV. ACT. NO. 1:21-cv-269-TFM-C ) |
| WINN DIXIE, | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

On June 12, 2023, the Magistrate Judge entered a Report and Recommendation which recommends that this case be dismissed without prejudice for failure to properly serve the Defendant. *See* Doc. 21. On June 30, 2023, Plaintiff filed a letter in response that the Court considers as objections. *See* Doc. 22. The Report and Recommendation is ripe for review.

In reviewing Plaintiff's objections, she does not counter the analysis of the recommendation, but instead makes excuses as to her reasons and again requests an attorney. Unfortunately, these excuses bely the fact that this case is over two years old. The Court further informed her that the record did not support the appointment of counsel based upon her existing court record. *See* Docs. 10, 16. Additionally, the Court issued a show cause order on why the case should not be dismissed for failure to serve under Rule 4(m). *See* Doc. 18. In response, Plaintiff provided her "proof of service" which the Magistrate Judge determined was insufficient.

Fed. R. Civ P. 4(m) states "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But, if the plaintiff shows good cause for the failure, the court must extend the time for service for an

appropriate period." IN the case at hand, Plaintiff's complaint was filed on June 4, 2021. After the Magistrate Judge pointed out several issues with her case, he eventually entered the show cause order on why the case should not be dismissed for failure to serve. *See* Doc. 18. Plaintiff did not respond except to provide proof of service that did not actual establish that Defendant was properly served. *See* Docs. 19, 20. Moreover, she did not provide a response which addressed whether there was good cause to extend the service deadline.

The objections do not provide any additional information except that Plaintiff again expresses a request for the appointment of counsel and essentially says that she did the best she could. While the Court may be sympathetic to the challenges a *pro se* litigant faces, it cannot serve as *de facto* counsel nor is the appointment of counsel in a civil case a requirement, especially when, as here, the Court already has expressed some concerns about the claims and requested additional information from the Plaintiff. Nor can the Court find good cause exists to extend the service deadline here. As such, to the extent Plaintiff's recent letter can be construed as objections, the Court finds they must be overruled.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Accordingly, this case is **DISMISSED without prejudice** pursuant to Fed. R. Civ. P. 4(m) for failure to timely serve.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 19th day of October, 2023.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE